FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 OCT - 1  PM 2: 03

CLEIK U.S. ... ... COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

COLIN RUNGE,

        Plaintiff,

v.

Case No.:

OFFICER RANDALL SNOW, individually,
OFFICER D. A. PRATICO, individually,
GORDON SNOW, III, individually,
JOHN RUTHERFORD, in his official
capacity as Sheriff of the Consolidated City
of Jacksonville, Florida,

        Defendants.

3: 10-cv-900-J-20JRK

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

        Plaintiff, Colin Runge, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

        1.     This is an action for damages, attorney's fees and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendment to the United States Constitution as well as claims under Florida law.

## JURISDICTION AND VENUE

        2.     Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein.  The court has supplemental jurisdiction as to the state law claims pursuant to 28 U.S.C. §1367.

        3.     Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4.     Plaintiff, Colin Runge, is an adult resident of Jacksonville, Duval County, Florida and a citizen of the United States.

5.     Defendant, John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, Florida, was, at all times relevant, responsible for the supervision, training, instruction, discipline, control and conduct of police officers of the Jacksonville Sheriff's Office and made policy for the Jacksonville Sheriff's Office with respect to seizures, searches, arrests, and use of force. At all times relevant, Defendant Rutherford had the power, right, and duty to train and control his officers, agents and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for the Jacksonville Sheriff's Office were consistent with the Constitution of the United States. At all times relevant, Defendant Rutherford, his agents and his employees acted under color of state law.

6.     Defendant, Randall Snow, was, at all times relevant, a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this case, Snow acted in conformity with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under color of state law.

7.     Defendant, D. A. Pratico, was, at all times relevant, a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this case, Pratico acted in conformity with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under color of state law.

8.     Defendant, Gordon Snow, is, upon information and belief, an adult resident of

Jacksonville, Duval County, Florida and a citizen of the United States.

## FACTUAL ALLEGATIONS

9.      On or about October 13, 2007, at approximately 3:28 a.m., Defendant Officer R. Snow was dispatched to the campus of Jacksonville University ("JU").

10.     Defendant Officer R. Snow was accompanied in his patrol vehicle by his brother, Defendant G. Snow, who was riding along as a "civilian observer."

11.     At some point after arriving at the JU campus, Defendant Officer R. Snow arrested Plaintiff for disorderly intoxication and resisting an officer without violence.

12.     Prior to handcuffing and arresting Plaintiff, Defendant Officer R. Snow displayed his taser at Plaintiff.

13.     After Plaintiff was arrested, he was placed in the back of Officer R. Snow's patrol vehicle and remained in handcuffs.

14.     Defendant Officer R. Snow then took Plaintiff to an empty parking lot away from the JU campus.

15.     While in the empty parking lot, Defendant R. Snow removed Plaintiff from his patrol vehicle.

16.     Thereafter, Defendants Officer R. Snow and G. Snow beat Plaintiff.

17.     Plaintiff was then returned to the patrol vehicle and transported to the Duval County Jail.

18.     Upon arrival at the Duval County Jail, Defendant Officer R. Snow parked his patrol vehicle in the "sally port" area of the jail.

19.     Defendant Officer R. Snow then exited the patrol vehicle and opened the rear

3

driver's side door of his patrol vehicle.

20.     Defendant Officer R. Snow then forcefully pulled Plaintiff out of the patrol vehicle and dropped Plaintiff face down on to the pavement, which resulted in Plaintiff's head slamming into the pavement.

21.     Defendant R. Snow then used his forearm to press Plaintiff's face into the ground.

22.     As Defendant Officer R. Snow did so, Defendants Officer Pratico and G. Snow approached Plaintiff and Defendant Officer R. Snow.

23.     Defendants Officer R. Snow and Officer Pratico then "hog tied" Plaintff by placing him in a device called a "total appendage restraint."

24.     Defendants Officer R. Snow, Officer Pratico, and G. Snow then picked Plaintiff up and carried Plaintiff to the intake door of the jail where the three Defendants slammed Plaintiff's head into the door.

25.     Plaintiff was then left on his stomach, face down in a prone position for approximately eight minutes.

26.     Plaintiff was then taken into the intake vestibule of the jail.

27.     Plaintiff was refused admission to the jail by the jail nurse because of his medical condition.

28.     Plaintiff was then placed in a one piece restraint and returned to Defendant Officer R. Snow's custody.

29.     Defendant Officer R. Snow then grabbed Plaintiff by his shirt collar and led him to Defendant R. Snow's patrol vehicle.

30.     Defendant Officer R. Snow then used his body to pin Plaintiff against the patrol

4

vehicle and put his forearm across Plaintiff's neck.

31.     Thereafter, Defendant Officer R. Snow then forcefully put Plaintiff into the back
of the patrol vehicle and kicked Plaintiff as he was doing so.

32.     Plaintiff was then taken to Shands Hospital, where he was treated for head
        injuries.

33.     The incident involving Plaintiff is representative of a widespread custom, practice,
and pattern of Jacksonville Sheriff's Office members using excessive force against the citizenry
of Jacksonville in recent years.

34.     In December 2004 a member of the Jacksonville Sheriff's Office slammed
Sammy Lee Evans to the ground.  Mr. Evans hit his head on the ground as he was slammed by
the officer, and this resulted in Mr. Evans' death.  Mr. Evans was not resisting the arrest, which
arrest was for possessing an open container of alcohol.

35.     In January 2006, members of the Jacksonville Sheriff's Office broke the right jaw
of Bryan Barnes when effectuating his arrest.  The JSO members struck Barnes despite the fact
that Barnes complied with all of their commands and did not resist the officers while being
arrested. *See Barnes v. Rutherford, et. al.*, Case No.: 3:08-cv-217-J-33JRK (M.D. Fla.
Jacksonville Division).

36.     In January 2006, a member of the Jacksonville Sheriff's Office kneed Ronal
Ferrera in the face three times while Ferrera was handcuffed.

37.     In September 2008, a member of the Jacksonville Sheriff's Office dragged James
Lunsford out of a police vehicle while he was handcuffed and dropped Mr. Lunsford on his head,
resulting in paralysis to Mr. Lunsford.  The officer did so despite Mr. Lunsford's prior warning to

5

the officer that he had 4 screws and a plate in his neck. *See Lunsford v. Rutherford, et. al.*, Case
No.: 3:09-cv-01015-MMh-MCR (M.D. Fla. Jacksonville Division).

38.     In May 2010, a member of the Jacksonville Sheriff's Office fractured multiple
facial bones of David Kemp when the officer violently struck Mr. Kemp as he laid on the ground
in compliance with the officer's commands to do so.

**COUNT I**
**UNREASONABLE SEARCH and SEIZURE: EXCESSIVE FORCE**
**(Defendant Officer R. Snow)**

39.     Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

40.     Defendant Officer R. Snow's actions in seizing and beating Plaintiff Runge
constitute an unreasonable search and seizure of Plaintiff Runge under the Fourth and Fourteenth
Amendments to the United States Constitution.

41.     As a direct and proximate result of Officer R. Snow's unlawful search and
seizure, Plaintiff Runge suffered damages, including, but not limited to, severe pain and
suffering, physical injuries, monetary loss of earnings, and severe emotional and psychological
distress.

WHEREFORE, Plaintiff Colin Runge demands judgment against Defendant Officer
Randall Snow, individually, for:

    (a)     actual and compensatory damages;

    (b)     an award of attorney's fees and costs; and

    (c)     any other relief this Court deems just and proper.

6

## COUNT II
## UNREASONABLE SEARCH and SEIZURE: EXCESSIVE FORCE
### (Defendant Officer Pratico)

42.     Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

43.     Defendant Officer Pratico's actions in seizing and beating Plaintiff Runge constitute an unreasonable search and seizure of Plaintiff Runge under the Fourth and Fourteenth Amendments to the United States Constitution.

44.     As a direct and proximate result of Officer Pratico's unlawful search and seizure, Plaintiff Runge suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earnings, and severe emotional and psychological distress.

WHEREFORE, Plaintiff Colin Runge demands judgment against Defendant Officer D. A. Pratico, individually, for:

      (a)     actual and compensatory damages;

      (b)     an award of attorney's fees and costs; and

      (c)     any other relief this Court deems just and proper.

## COUNT III
## MUNICIPAL LIABILITY
### (Defendant Rutherford)

45.     Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

46.     Defendant Rutherford, in his official capacity as Sheriff of the City of Jacksonville, his agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in use of excessive force against Plaintiff Runge which was the moving force causing his injuries and is actionable under 42 U.S.C. §1983 as a violation of the Fourth and Fourteenth Amendments to the

7

United States Constitution.  The Sheriff's Office has a widespread custom and practice of using excessive force, and by failing to discipline its officers for the use of excessive force against Plaintiff Runge, Defendant Rutherford has ratified his officers' decisions and reasons for those decisions, thus constituting a practice, custom or policy.  Alternatively, the officers acting on the scene were the final policy makers for the Sheriff's Office, as their decisions were not immediately or effectively reviewable.

47.   As a direct and proximate result of the willful and deliberate action or inaction of the Sheriff's Office, Plaintiff Runge has suffered damages, including, but not limited to, loss of liberty, injury to reputation, humiliation, severe pain and suffering, physical injuries, monetary loss of earnings and severe emotional and psychological distress.

WHEREFORE, Plaintiff Colin Runge demands judgment against Defendant, Sheriff Rutherford, in his official capacity as Sheriff of the City of Jacksonville, for:

(a)   actual and compensatory damages;

(b)   an award of attorney's fees and costs; and

(c)   any other relief this Court deems just and proper.

### COUNT IV
### UNREASONABLE SEARCH AND SEIZURE:
### CONSPIRACY TO VIOLATE CIVIL RIGHTS
(Defendants Officer R. Snow and G. Snow)

48.   Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

49.   Defendants Officer R. Snow and G. Snow combined, conspired, confederated and agreed with each other to violate Plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

8

50.     As a direct and proximate results of the Defendants' actions, Plaintiffs suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earnings, and severe emotional psychological distress.

WHEREFORE, Plaintiff Runge demands judgment against Defendants Officer Randall Snow and Gordon Snow, individually, for:

        (a)     actual and compensatory damages;

        (b)     an award of attorney's fees and costs; and

        (d)     any other relief this Court deems just and proper.

## COUNT V
## STATE LAW CLAIM: BATTERY
### (Defendant Rutherford)

51.     Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

52.     Plaintiff Runge has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2010) and §§112.201-112.205, Jacksonville Ordinance Code.

53.     Employees of the Jacksonville Sheriff's Office actually and intentionally struck Plaintiff Runge against his will, without legal justification.

54.     Sheriff Rutherford, having given his officers the authority to use force against Plaintiff, is liable for use of such authority.

55.     Plaintiff Runge, as a result of Defendants Officer R. Snow's and Officer Pratico's battery and abuse of their authority, suffered severe pain and suffering, physical injuries, monetary loss, mental anguish and emotional distress.

WHEREFORE, Plaintiff Runge demands judgment against Sheriff Rutherford in his official

capacity as Sheriff of the City of Jacksonville for:

      (a)    actual and compensatory damages;

      (b)    costs; and

      (c)    any other relief this court deems just and proper.

**COUNT VI**
**STATE LAW CLAIM:  NEGLIGENCE**
**(Defendant Rutherford)**

56.    Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

57.    Plaintiff Runge has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2010) and §§112.201-112.205, Jacksonville Ordinance Code.

58.    Employees of the Jacksonville Sheriff's Office owed a duty to Plaintiff Runge to use reasonable care in effectuating his seizure.

59.    Employees of the Jacksonville Sheriff's Office breached the duty owed to Plaintiff Runge by using excessive force against Plaintiff Runge and by failing to adequately train and supervise law enforcement personnel.

60.    As a result of the negligence of the Jacksonville Sheriff's Office, Plaintiff Runge suffered damages, including but not limited to, loss of liberty, monetary loss of earnings, injury to reputation, humiliation, physical pain and suffering, physical injuries, and severe emotional distress and mental anguish.

WHEREFORE, Plaintiff Colin Runge demands judgment against Defendant Rutherford, in his official capacity as Sheriff of the City of Jacksonville, for:

      (e)    actual and compensatory damages;

10

(f)     costs; and

(g)     any other relief this Court deems just and proper.

## COUNT VII
## STATE LAW CLAIM:  BATTERY
### (Defendant G. Snow)

61.    Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

62.    Defendant G. Snow actually and intentionally struck Plaintiff Runge against his will, without legal justification.

63.    As a result of Defendant G. Snow's actions, Plaintiff Runge has suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss, mental anguish and emotional distress.

WHEREFORE, Plaintiff Colin Runge demands judgment against Defendant Gordon Snow, individually, for:

(a)     actual and compensatory damages;

(b)     costs; and

(c)     any other relief this Court deems just and proper.

## COUNT X
## STATE LAW CLAIM: NEGLIGENCE
### (Defendant Rutherford)

64.    Paragraphs 1 through 38 above are realleged and incorporated by reference herein.

65.    Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28, Fla. Stat. (2010) and §§112.01-112.05, Jacksonville Ordinance Code.

66.    Employees of the Jacksonville Sheriff's Office owed a duty to Plaintiff to reasonably supervise civilian observers participating in Jacksonville Sheriff's Office functions, including

preventing a civilian observer from causing harm to Plaintiff.

67.    Employees of the Jacksonville Sheriff's Office breached this duty by permitting civilian observer Gordon Snow to use force against Plaintiff and cause harm to Plaintiff.

68.    As a result of the negligence of the Jacksonville Sheriff's Office, Plaintiff suffered damages, including but not limited to, loss of liberty, monetary loss of earnings, injury to reputation, humiliation, physical pain and suffering, physical injuries, and severe emotional and mental anguish.

WHEREFORE, Plaintiff Colin Runge demands judgment against Defendant Rutherford, in his official capacity as Sheriff of the City of Jacksonville, for:

   (a) actual and compensatory damages;

   (b) costs; and

   (c) any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Runge hereby demands trial by jury on all issues so triable.

        Respectfully submitted,

        Wm. J. Sheppard, Esquire
        Florida Bar No.:  109154
        Matthew R. Kachergus, Esquire
        Florida Bar No.: 503282
        Bryan E. DeMaggio, Esquire
        Florida Bar No.: 55712
        Sheppard, White, Thomas & Kachergus, P.A.
        215 Washington Street
        Jacksonville, Florida 32202
        (904) 356-9661 telephone
        (904) 356-9667 facsimile
        sheplaw@att.net email
        COUNSEL FOR PLAINTIFF

jrd[runge - complaint]